UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Ocala Division

Albert C Spangler          )
    Plaintiff,          )
                )
      v.          )         Civil Action No.
                )         5:22-CV-156GAP PRL
State Attorny in          )
and for Marion County          )
    Defendant.          )

**COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW the plaintiff, Albert C. Spangler, Pro Se, files this Complaint for Declaratory and

Injunctive Relief. This action under 42 U.S.C. § 1983 to remedy the unconstitutionality of the

Florida's sex offender registration laws, Fla. Stat. § 943.0435.9A and Fla. Stat. § 943.0435.14C(4),

to Plaintiff. Plaintiff requests that the District Court declare § 943.0435.9A and § 943.0435.14C(4), as

applied to him, to be in violation of his rights that arise under the Equal Protection Clause, Void for

Vagueness, Due Process, Double Jeopardy, Cruel and Unusual Punishment, Cause and Nature, Search

and Seizure, Entrapment and, Discrimination clauses of the United States Constitution and permanently

enjoin the Defendant from enforcing Fla. Stat. § 943.0435.9A and Fla. Stat. § 943.0435.14C(4).

**VENUE AND JURISDICTION**

1. This action arises under 42 U.S.C. § 1983 to redress the deprivation, under the color of state law,
    of rights secured by the Constitution of the United States.

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C.
    §§ 2201 and 2202.

1

4. Preliminary Injunction is authorized by Rule 65 of the Federal Rules of Civil Procedure.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) because the events giving rise to Plaintiff's claims occurred in Marion County, in the Middle District of Florida.

## PARTIES

6. **Plaintiff Albert Spangler**, a Florida resident and former resident of Cherokee County, North Carolina, is subject to the registration requirements of Florida Stat. § 943.0435, including the dissemination of his personal information and designation as "Sexual Offender" on the FDLE public registry and sex offender website, because of a 2010 class 1A misdemeanor conviction in the Superior Court of Cherokee County, North Carolina.

7. **Defendant State Attorneys in and for Marion County.**

9. At all relevant times, Defendant Local State Attorney's office and their agents acted, and continue to act, under the color of state law.

## Facts

10. On or about December 16, 2020, Plaintiff's son , from Orlando, was visiting and Plaintiff was helping work on son's car.  Sheriff's deputy came by and stopped to check on Plaintiff.  No probable cause but deputy ran check on Plaintiff's son's car.  Deputy found Plaintiff's name was also listed on registration.  Plaintiff was unaware of his name being on registration. Plaintiff co-signed for loan for son to purchase car.  Plaintiff tried to explain but to no avail.  Plaintiff Plaintiff has 4 other vehicles registered in his name.  Plaintiff was not trying to deceive or had any wrongful intent in mined.  Sheriff state plaintiff needed to go to sex offender registration office and explain.

11. On December 17, 2020, Plaintiff went to sheriff's sex offender office to try and straighten things

2

out.  Again no avail and Plaintiff was arrested and incarcerated .

12.   In the time span between December 17, 2020 and January 26, 2022, Plaintiff was assigned 3
different court appointed attorneys, for various reasons, non was at the request of the Plaintiff.
Not one of the attorneys seemed very interested in helping Plaintiff, nor did one even ask the
Plaintiff his side as to what took place.

13.  Plaintiff was in and out of court many times because of these changes.

14.  On January 26, 2022, upon public defender's recommendation, Plaintiff took the State Attorney's
plea deal, as opposed to 2 years in jail.  Plaintiff ask several times if this was the best deal
available.  Plaintiff was told this was it because Plaintiff is a registered sex offender.

15.  Plaintiff was charged with § 943.0435.9A, failure to comply with sex offender reporting
requirements, and § 943.0435.14C(4), provide false sexual offender registration information by
act or omission.

16.  Plaintiff was unaware, until he received the court papers, that this was 18 months of Community
Control Probation, including house arrest and electronic monitoring.

See Order dated January 26, 2022 attached hereto as Ex. A.

17.  These laws has infringed on Plaintiff's liberty and privacy interests, however limited, while
bearing no rational relationship to advancing the state's legitimate goal of protecting children
from sexual predators, and has violated basic constitutional rights to be free of unreasonable,
arbitrary, and oppressive official action.

18.  Under the Due Process Clause, courts use a form of Judicial Review.  The inquiry balances the
importance of the governmental interest be served and the appropriateness of the method of
implementation against the resulting infringement of individual rights.  When the government
action infringes upon the fundamental rights, strict scrutiny is used.  The law must be both

narrowly tailored and the least restrictive means of furthering the government interest.

19. The Cruel and Unusual Punishment is considered unacceptable due to the suffering and humiliation it inflicts on Plaintiff subjected to the sanction against ones liberty. The punishments and fines inflicted on the Plaintiff are arbitrary, excessive, unnecessary, and overly severe compared to the crime. There is no reason to believe this punishment serves any penal purpose more effectively than some less severe punishment would serve.

20. Double Jeopardy comes into question. The offense arose out of the same criminal transaction. This is an attempt, on the Plaintiff, to make 1 single act into several categorical offenses. The statutes have no merit on their own. They need the original offense to give them validity. They are discriminating in nature because they single out a group of less fortunate people, sex offenders, in favor of the more fortunate people where these statues have no validity. This is a failure to treat all persons equally, there is no reasonable distinction to be found between the two. Therefore Plaintiff is being punished twice for the same crime.

21. A Search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed upon. Plaintiff has no privacy in his own home with the GPS monitoring. Plaintiff can not go to the bathroom without taking monitoring unit with him. Plaintiff can not take a bath because anklet can not be submersed in water. Plaintiff needs permission just to go grocery shopping. Plaintiff is under house arrest and Plaintiff is unaware of what such heinous crime he has committed to warrant such punishment.

22. The Cause and Nature of alleged crimes have never been asserted, even when Plaintiff asked. Where the elements of a crime have to be ascertained by reference to Statute, it is not sufficient to set forth the offense in the words of the Statute. The facts to bring the case within the Statutory definition must also be alleged.

4

23. These Statutes, § 943.0435.9A and 943.0435.14C(4), are Void for Vagueness in as much that the rule requires law to specifically enumerate and detail the practices that are either required or prohibited. Thus making these statutes unconstitutionally vague because an average person of common intelligence could not reasonably know, without speculating, what detestable crime is being committed warrant a 3rd degree felony.

24. Entrapment takes place when a law enforcement officer improperly induces of encourages a person to commit a crime, under normal circumstances, he would not have committed. Plaintiff's vehicle registration information is available the every law enforcement agency across the country. This information can be retrieved by mere license plate number. Every auto parts store can pull up the vehicle information by using same method. Registering vehicle information with the sheriff's sex offender unit is redundant. They already have all vehicles information available at the touch of a computer key board, which most sheriff's vehicles have on board their vehicle. This is how the Plaintiff was informed of his error in registration. Registering vehicle information with the sex offender unit serves no reasonable added protection to the public. In no way does it help solve a crime, nor does it prevent one from occurring. As the Fifth Amendment protects against self incrimination, this registering information's only purpose is to entrap Plaintiff into making an error with information provided. That is the only reasonable explanation for requiring vehicle information, which they already have, to be provided to the sheriff's sex offenders unit.

25. As a result of Defendant's application of § 943.0435.9A and § 943.0435.14C(4) to Plaintiff, Plaintiff is suffering irreparable harm and indignity plus added financial stress, because Plaintiff is retired and living on social security, for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF

## CLAIM I – EQUAL PROTECTION CLAUSE

26. Plaintiff here by re-alleges and incorporates by reference the allegations contained in all of the above paragraphs preceding the Claims for Relief section, as though fully set forth herein.

27. As applied to Plaintiff, § 943.435.9A and § 943.0435.14C(4) violates the Equal Protection Clause of the XIV Amendment of the United States Constitution.

28. The Equal Protection Clause requires the state to govern impartially and not draw distinctions between individuals solely on differences that are irrelevant to a legitimate governmental objective. Thus, the equal protection clause is crucial to the protection of Plaintiff's civil rights. These statutes are not equal to all people.

29. "When a law exhibits such a desire to harm politically unpopular group, sex offenders, we have applied a more searching form of rational basis review to strike down such laws under the Equal Protection *Clause*." Cleburne v. Cleburne Living Center, supra, 446-447; Romer v. Evans, supra, at 632.

30. " Strict scrutiny is required if the legislative classification operates to the disadvantage of some suspected class or impinges upon the fundamental right explicitly or implicitly protected by the Constitution." *Richard v. Hinson*, 70 F. 3d  415, 417 (5th Cir. 1995) (citing *San Antonio Indep. Sch. Dist. v. Rodriquez,* 411 U.S. 1, 17 (19730. If neither a suspect class nor fundamental right is implicated, the classification need only bear a rational relationship to a legitimate governmental purpose. *Id. At* 417.

31. Defendant, acting under the color of law, continues to enforce an implement § 943.0435.9A and § 93.0435.14C(4) against Plaintiff in violation of his rights that arise under the Equal Protection Clause.

32. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

## CLAIM II- VOID OF VAGUENESS

33. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all of the above paragraphs preceding Claims for Relief section, as though fully set forth herein.

34. As applied to Plaintiff, § 943.0435.9A and § 943.0435.14C(4) violates his I Amendment rights in that the these statutes, as presented, are vague in nature to say the least.

35. The U.S. Supreme Court in *Connally v. General Construction Co,* a law is constitutionally vague when people "of common intelligence must necessarily guess at it's meaning. " Laws must provide explicit standards for those who apply them. A vague law impermissibly delagates basic policy matters to police, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications." *Grayned v. City of Rockford,* 408 U.S. 104, 108-09 (1972), quoted in *Village of Hoffman Estates v. The Flipside,* 455 U.S. 489, 498 (1982). Criminal statues that lack sufficient definiteness or specificity are commonly held "void for vagueness". Such legislation may run afoul of the Due Process Clause because it fails to give adequate guidance to those who would be law-abiding, to advise Plaintiff of the nature of the crime with which they are charged.

36. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

## CLAIM III – DOUBLE JEOPARDY

37. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all of the above paragraphs preceding Claims for Relief section, as though fully set forth herein.

38. As applied to Plaintiff, § 943.0435.9A and § 943.0435.14C(4), that defendant has use is based one the original crime and providing harsher punishment than the original crime even being a lesser offense. In B*enton v. Maryland ,* 395 U.S. 784 (1969), the Supreme Court incorporated the Double Jeopardy Clause against the states.

39. The Double Jeopardy Clause protects against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711,717 (1969). The statutes, as applied to Plaintiff, arise out of the original offense. They can not stand on their own merit against any average person. They can only be used against Plaintiff based on the original offense.

40. In *Blockburger v. United States,* 284 U.S. 299, 304 (1932), the Supreme Court articulated the test for determining whether offenses qualify for this double jeopardy protection. The test requires the court to evaluate the elements of each statutory provision to determine whether each requires proof of an element which the other does not have. If not, double jeopardy bars additional prosecution and punishment. The test forbids cumulative and successive prosecution for both greater-and-lesser-included offenses. The statutes are based on the elements of the original offense. This is in direct violation of the Double Jeopardy Clause. These are indeed punishments because the restrict Plaintiff's liberty and not in a regulatory form.

41. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

### CLAIM IV- CRUEL AND UNUSUAL PUNISHMENT

42. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all of the above paragraphs preceding Claims for Relief section, as though fully set forth herein.

43. As applied to to Plaintiff, § 943.0435.9A and § 943.0435.14C(4) violates the Cruel and Unusual Punishment phrase in the VIII Amendment of the United States Constitution.

8

44. Whether or not a punishment was cruel and unusual was determined  in the United States Supreme Court case by Justice William Brennan.  In *Furman v. Georgia,* 408 U. S. 238 (1972).  " There are principles by which we may determine whether a particular punishment is cruel and unusual."

    1. "The punishment must not by it's severity be degrading to human dignity."

    2. "A severe punishment that is obviously inflicted in wholly arbitrary fashion."

    3. "A severe punishment that is patently unnecessary."

45. The crime, at best, is a misdemeanor in nature.  There was no act of criminal intent, no damage to property nor person, no theft, and no arson.  An error in vehicle registration does not warrant the cruel and unusual punishment the Defendant is inflicting on Plaintiff.  The punishment does not fit the crime. In re *Kremmler,* 136 U.S. 436, 10 S.Ct. 930, 34L.Ed. 519.  "Punishment which is excessive for the crime committed is cruel and unusual.  In *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct.2861, 53 L.Ed. 2D 982.  Such punishment cannot be defined with specificity, it is flexible and tends to broaden as society tends to pay more regards to human decency and dignity and becomes more humane.

46. The punishment blocks Plaintiff's right to freedom of religion in that Plaintiff has to get permission to practice his religion, and he has to be specific to a per-arranged time.  This is not regulatory, but is unusual and excessive punishment.

47. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

### CLAIM V – NATURE AND CAUSE

48. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all the above paragraphs preceding Claims for Relief section, as though fully set forth herein.

9

49. As applied to Plaintiff, § 943.04359A and § 943.0435.14C(4) violates the Plaintiff's rights under the VI Amendment of the United States Constitution, knowing Nature and Cause. The statutes are not offenses, they are merely allegations that an offense was committed.

50. The constitutional right of Plaintiff to be informed of the nature and cause of the accusation entitles the Plaintiff to be apprised of the crimes charged with reasonable certainty that he might protect himself. No indictment is sufficient if it does not allege all of the ingredients that constitute the crime. *Porter v. United States,* 155 U.S. 438, 444.

51. The right to notice of nature and cause of an accusation is so fundamental a part of procedural due process that the states are required to observe it. *Rabe v. Washington,* 405 U.S. 313 (1972). The Notice Clause of Nature and Cause is required to advise the Plaintiff of the charge and must also contain enough detail to enable the court to determine whether the charge is sufficient in law to support conviction. To perform these functions the notice must state the basic facts regarding each element of the offenses with " reasonable particularity of time, place and circumstances."

52. Rule 7 of the Federal Rules of Criminal Procedure requires a "plain, concise and definite written statement of the essential facts constituting the offenses charged."

53. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

## CLAIM VI – SEARCH AND SEIZURE

54. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all the above paragraphs preceding Claims for Relief section, as though fully set forth herein.

55. As applied to Plaintiff, § 943.0435.9A and § 943.0435.14C(4) violates Plaintiff's rights under the IV Amendment of the United States Constitution, unreasonable searches.

56. The IV Amendment protects the right of people to be secure in their persons, houses, papers, and effects against unreasonable searches.  Because of Defendant's unlawful action, Plaintiff is GPS monitored in His own home 24 hours a day.

57. In *Katz v. United States* (1967), The Supreme Court held that its protection, IV Amendment, extended to intrusions on the privacy of an individual as well as to physical locations.  In *Silverman v. United States,* 365 U.S. 505 (1961), the Court stated of the amendment that "at the very core stands the right for a man to retreat into his own home and there be free from unreasonable governmental intrusion".  Plaintiff has to carry monitoring devise with him no matter where he goes in his own home.  In *Smith v. Maryland,* 442 U.S. 735 (1979), for determining for whether a search has occurred for purposes of the Fourth Amendment:

    1. a person "has exhibited  an actual expectation of privacy"; and

    2. society is prepared to recognize that this expectation is reasonable.

58. In *United States v. Jones,* 565 U.S. 2012,  U.S. Lexis 1063,  it was decided that GPS monitoring violates the search criteria in the Fourth Amendment of the United States Constitution.  It violates the expectation of privacy in regards to a person's daily movements.  The punishment the Defendant has inflicted upon Plaintiff, with gps monitoring, goes far beyond  reasonable punishment and Plaintiff's reasonable expectation of Privacy.

59. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

## CLAIM VII – ENTRAPMENT

60. Plaintiff hereby re-alleges and incorporates by reference all allegations contained in all the above paragraphs preceding Claims for Relief section as though fully set forth herein.

61. As applied to Plaintiff, § 943.0435.9A and § 943.0435.14C(4) violates Plaintiff's rights using trickery and fraud, by an agent under the color of law, to entrap Plaintiff in an offense he would have otherwise been unlikely or willing to commit violating the due process clause and the Fifth Amendment of the United States Constitution..

62. It "is the conception and planning of an offense by an officer or agent, and the procurement of its commission by one who would not have perpetrated it except for trickery, persuasion or fraud of the officer or state agent", *Sorrells v. Untied States,* 287 U.S. 435, 451. Officers and agents engage in deception to coerce a person into committing an offense they had no intent on committing.

63. Vehicle Registration is commenced, immediately, upon purchase of vehicle and registered with the state. Every law enforcement agency has this information, including purchaser's name and address. The officers already had this information when they when questioning Plaintiff on the registration information. Every state has it's own case of when and how entrapment defense is available, and they may choose to adopt either the subjective or objective test for what government action constitutes entrapment. The essential elements of of an entrapment defense are:

   1. Improper inducement: the government induced the Plaintiff to commit a crime; and
   2. Lack of predisposition; the Plaintiff (or, under the objective test, an ordinary per person in the position of the Plaintiff) would not have committed the crime but for government's inducement.

This was used in *Mathews v. United States,* 485 U.S. 58, 63 (1988). Which basically is when a government agent puts you in difficulties, in short, from which remedy is not easy or even possible.

64. In *Jacobson v. United States,* 503 U.S. 540 (1992), an affirmative defense in which Plaintiff alleges that officers already acquired the evidence necessary to commence a criminal prosecution of the Plaintiff by inducing the Plaintiff to engage in a criminal act which Plaintiff would not otherwise have committed. Defendant's agents already had all vehicle information, as do all law enforcement agencies across the country.

65. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

## CLAIM VIII – DISCRIMINATION

66. Plaintiff hereby re-alleges and incorporates by reference all allegations contained in all the above paragraphs preceding Claims for Relief section as though fully set forth herein.

67. As applied to Plaintiff, § 943.0435.9A and § 943.0435.14C(4) violates Plaintiff's rights by being treated differently and unfairly based on a personal characteristic or status which is protected under anti-discrimination laws.

68. As a definition in Black's Law Dictionary of discrimination. "In constitutional law, the effect of a statute or established practice which confers particular privileges on a class arbitrarily selected from a large number of persons, all of whom stand in the same relation to the privileges granted and between whom and those not favored no reasonable distinction can be found." A failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored. *Baker v. California Land Title Co.,* D.C.Cal., 349 F.Supp. 235, 238, 239. These statutes, § 943.0435.9A and § 943.0435.14C(4), only apply to the not favored registered registered sex offender. These statutes serve no added protection to the public safety, nor do they solve additional protection to children. Their mere existence is to inflict further harm on the registered sex offender.

13

69. As a direct or proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm, which will continue absent declaratory and injunctive relief.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

- Issue a Preliminary Injunction suspending Defendant's Community Controlled probation, including but not limited to, house arrest, electronic monitoring, probation supervision cost, and Court ordered fines;

- Declare that Defendant has violated and continues to violate the rights of the Plaintiff for reasons described above;

- Issue a permanent injunction prohibiting Defendant from enforcing Fla. Stat. § 943.0435.9A and § 943.043514c(4) against Plaintiff;

- Award Plaintiff his costs and fines pursuant to 42 U.S.C. § 1988; and,

- Grant such other and further relief as this Court deems proper in the circumstances.

Respectfully submitted this 22nd day of March, 2022.

Albert Spangler
Albert C Spangler
Plaintiff, Pro SE
8413 SW 136th Loop
Ocala, FL  34473
Phone (828) 361 9283

14

Filing # 143319100 E-Filed 02/04/2022 01:13:17 PM

ALBERT C SPANGLER / 20CF005171AX

**STATE OF FLORIDA**

IN THE FIFTH JUDICIAL
CIRCUIT COURT, IN AND FOR
**MARION** COUNTY

-VS-

CASE NUMBER  **20CF005171AX**

**ALBERT C SPANGLER**
Defendant

DC NUMBER  **A71396/056**

Local Jurisdiction Identification Number: _____

## ORDER OF SEX OFFENDER COMMUNITY CONTROL

This cause coming before the Court to be heard, and you, the defendant, being now present before the court, and you having

| | | | |
|---|---|---|---|
| ☐ | entered a plea of guilty to | ☐ | been found guilty by jury verdict of |
| ☒ | entered a plea of nolo contendere to | ☐ | been found guilty by the court trying the case without a jury of |

Count **1**  **FAILURE TO COMPLY WITH SEX OFFENDER REPORTING REQUIREMENTS**
Count **2**  **PROVIDE FALSE SEXUAL OFFENDER REGISTRATION INFORMATION BY ACT OR OMISSION**

**SECTION 1: JUDGMENT OF GUILT**

☒  The court hereby adjudges you to be guilty of the above offense(s).

Now, therefore, it is ordered and adjudged that the imposition of sentence is hereby withheld and that you be placed on Community Control for a period of **18 MONTHS (CONCURRENT AS TO EACH COUNT)** under the supervision of the Department of Corrections, subject to Florida law.

**SECTION 2: ORDER WITHHOLDING ADJUDICATION**

☐  Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on Community Control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.

**SECTION 3: INCARCERATION DURING PORTION OF SUPERVISION SENTENCE**

It is hereby ordered and adjudged that you be:

☐  committed to the Department of Corrections
for a term of _____ prison with credit for _____ jail time, followed by Community Control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.
or
☐  confined in the County Jail
for a term of _____ with credit for _____ jail time. After you have served **BALANCE** of the term, you shall be placed on Community Control for a period of _____ under the supervision of the Department of Corrections, subject to Florida law.
or
☐  confined in the County Jail
for a term of _____ with credit for _____ jail time, as a special condition of supervision.

Revised 07-01-2021

ALBERT C SPANGLER / 20CF005171AX

**IT IS FURTHER ORDERED** that you shall comply with the following standard conditions of supervision as provided by Florida law:

(1) You will report to the probation officer as directed.

(2) You will pay the State of Florida the amount of $50.00 per month, as well as 4% surcharge, toward the cost of your supervision in accordance with s. 948.09, F.S., unless otherwise exempted in compliance with Florida Statutes.

(3) You will remain in a specified place. You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.

(4) You will not possess, carry or own any firearm. You will not possess, carry, or own any weapon without first procuring the consent of your officer.

(5) You will live without violating any law. A conviction in a court of law is not necessary for such a violation of law to constitute a violation of your probation, community control, or any other form of court ordered supervision.

(6) You will not associate with any person engaged in any criminal activity.

(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician, an advanced practice registered nurse, or a physician assistant. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.

(8) You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your officer.

(9) You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.

(10) You will pay restitution, court costs, and/or fees in accordance with special conditions imposed or in accordance with the attached orders.

(11) You will submit to random testing as directed by your officer or the professional staff of the treatment center where you are receiving treatment to determine the presence or use of alcohol or controlled substances.

(12) You will submit a DNA sample, as directed by your officer, for DNA analysis as prescribed in ss. 943.325 and 948.014, F.S.

(13) You will submit to the taking of a digitized photograph by the department. This photograph may be displayed on the department's website while you are on supervision, unless exempt from disclosure due to requirements of s. 119.07, F.S.

(14) You will report in person within 72 hours of your release from incarceration to the probation office in MARION County, Florida, unless otherwise instructed by the court or department. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at 5640 SW 6TH PLACE, SUITE 100, OCALA, FL 34474 (352)732-1324.

## SPECIAL CONDITIONS

☒ 23. Pay $1 per month during the term of probation or community control to supplement rehabilitative efforts through First Step Funds, pursuant to s. 948.039(2), F.S.

☒ 27. Other: DEFENDANT IS TO REPORT TO PROBATION AND THE COLLECTIONS DEPARTMENT.

Revised 07-01-2021

ALBERT C SPANGLER / 20CF005171AX

**AND, IF PLACED ON PROBATION OR COMMUNITY CONTROL FOR A SEX OFFENSE PROVIDED IN CHAPTER 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145, COMMITTED ON OR AFTER OCTOBER 1, 1995 OR ON OR AFTER JULY 1, 2021, AND WHO ARE PLACED UNDER SUPERVISION FOR A VIOLATION OF CHAPTER s. 787.06(3)(b), (d), (f), or (g), YOU WILL COMPLY WITH THE FOLLOWING STANDARD SEX OFFENDER CONDITIONS, IN ADDITION TO THE STANDARD CONDITIONS LISTED ABOVE AND ANY OTHER SPECIAL CONDITIONS ORDERED BY THE COURT:**

(15) A mandatory curfew from 10 p.m. to 6 a.m. The court may designate another 8-hour period if the offender's employment precludes the above specified time, and the alternative is recommended by the Department of Corrections. If the court determines that imposing a curfew would endanger the victim, the court may consider alternative sanctions.

(16) If the victim was under the age of 18, a prohibition on living within 1,000 feet of a school, child care facility, park, playground, or other place where children regularly congregate, as prescribed by the court. The 1,000-foot distance shall be measured in a straight line from the offender's place of residence to the nearest boundary line of the school, child care facility, park, playground, or other place where children congregate. The distance may not be measured by a pedestrian route or automobile route.

(17) Active participation in and successful completion of a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders, at the offender's own expense. If a qualified practitioner is not available within a 50-mile radius of the offender's residence, the offender shall participate in other appropriate therapy.

(18) A prohibition on any contact with the victim, directly or indirectly, including through a third person, unless approved by the victim, a qualified practitioner in the sexual offender treatment program, and the sentencing court.

(19) If the victim was under the age of 18, a prohibition on contact with a child under the age of 18 except as provided in this paragraph. The court may approve supervised contact with a child under the age of 18 if the approval is based upon a recommendation for contact issued by a qualified practitioner who is basing the recommendation on a risk assessment. Further, the sex offender must be currently enrolled in or have successfully completed a sex offender therapy program. The court may not grant supervised contact with a child if the contact is not recommended by a qualified practitioner and may deny supervised contact with a child at any time.

(20) If the victim was under age 18, a prohibition on working for pay or as a volunteer at any place where children regularly congregate, including, but not limited to any school, child care facilities, park, playground, pet store, library, zoo, theme park, or mall.

(21) Unless otherwise indicated in the treatment plan provided by a qualified practitioner in the sexual offender treatment program, a prohibition on viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern.

(22) A requirement that the offender submit a DNA sample to the Florida Department of Law Enforcement to be registered with the DNA data bank.

(23) A requirement that the offender make restitution to the victim, as ordered by the court under s. 775.089, for all necessary medical and related professional services relating to physical, psychiatric, and psychological care.

(24) Submission to a warrantless search by the community control or probation officer of the offender's person, residence, or vehicle.

**EFFECTIVE FOR PROBATIONER OR COMMUNITY CONTROLLEE WHOSE CRIME WAS COMMITTED ON OR AFTER OCTOBER 1, 1997, AND WHO IS PLACED ON COMMUNITY CONTROL OR SEX OFFENDER PROBATION FOR A VIOLATION OF CHAPTER 794, s. 800.04, s. 827.071, s.847.0135(5)or s. 847.0145, OR ON OR AFTER JULY 1, 2021, AND WHO ARE PLACED UNDER SUPERVISION FOR A VIOLATION OF CHAPTER s. 787.06(3)(b), (d), (f), or (g), IN ADDITION TO ANY OTHER PROVISION OF THIS SECTION, YOU MUST COMPLY WITH THE FOLLOWING CONDITIONS OF SUPERVISION:**

(25) As part of a treatment program, participation at least annually in polygraph examinations to obtain information necessary for risk management and treatment and to reduce the sex offender's denial mechanisms. A polygraph examination must be conducted by a polygrapher who is a member of a national or state polygraph association and who is certified as a postconviction sex offender polygrapher, where available, and at the expense of the offender.

(26) Maintenance of a driving log and a prohibition against driving a motor vehicle alone without the prior approval of the supervising officer.

Revised 07-01-2021

(27) A prohibition against obtaining or using a post office box without the prior approval of the supervising officer.

(28) If there was sexual contact, a submission to, at the offender's expense, an HIV test with the results to be released to the victim and/or the victim's parent or guardian.

(29) Electronic monitoring when deemed necessary by the probation officer and supervisor, and ordered by the court at the recommendation of the Department of Corrections. If you are placed on electronic monitoring, you must pay the department for the cost of the electronic monitoring service.

(30) **Effective for an offender whose crime was committed on or after July 1, 2005, and who are placed on supervision for violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145,** a prohibition on accessing the Internet or other computer services until a qualified practitioner in the offender's sex offender treatment program, after a risk assessment is completed, approves and implements a safety plan for the offender's accessing or using the Internet or other computer services.

(31) **Effective for offenders whose crime was committed on or after September 1, 2005,** there is hereby imposed, in addition to any other provision in this section, mandatory electronic monitoring as a condition of supervision for those who:
- Are placed on supervision for a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older; or
- Are designated as a sexual predator pursuant to s. 775.21; or
- Has previously been convicted o f a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older.

**You are hereby placed on notice that should you violate your probation or community control, and the conditions set forth in s. 948.063(1) or (2) are satisfied,** whether your probation or community control is revoked or not revoked, you shall be placed on electronic monitoring in accordance with F.S. 948.063.

(32) **Effective for offenders who are subject to supervision for a crime that was committed on or after May 26, 2010,** and who has been convicted at any time of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses listed in s.943.0435(1)(h)1.a.(I), or a similar offense in another jurisdiction, against a victim who was under the age of 18 at the time of the offense: the following conditions are imposed in addition to all other conditions:
  (a) A prohibition on visiting schools, child care facilities, parks, and playgrounds, without prior approval from the offender's supervising officer. The court may also designate additional locations to protect a victim. The prohibition ordered under this paragraph does not prohibit the offender from visiting a school, child care facility, park, or playground for the sole purpose of attending a religious service as defined in s. 775.0861 or picking up or dropping off the offender's children or grandchildren at a child care facility or school.
  (b) A prohibition on distributing candy or other items to children on Halloween; wearing a Santa Claus costume, or other costume to appeal to children, on or preceding Christmas; wearing an Easter Bunny costume, or other costume to appeal to children, on or preceding Easter; entertaining at children's parties; or wearing a clown costume; without prior approval from the court.

(33) **Effective for offenders whose crime was committed on or after October 1, 2014,** and who is placed on probation or community control for a violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145, in addition to all other conditions imposed, is prohibited from viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material unless otherwise indicated in the treatment plan provided by a qualified practitioner in the sexual offender treatment program. Visual or auditory material includes, but is not limited to, telephone, electronic media, computer programs, and computer services.

**AND, IF PLACED ON COMMUNITY CONTROL, YOU WILL COMPLY WITH THE FOLLOWING CONDITIONS, IN ADDITION TO THE STANDARD CONDITIONS LISTED ABOVE AND ANY OTHER SPECIAL CONDITIONS ORDERED BY THE COURT:**

(34) You will report to your officer as directed, at least one time a week, unless you have written consent otherwise.

(35) You will remain confined to your approved residence except for one half hour before and after your approved employment,　public service work, or any other special activities approved by your officer.

(36) You will maintain an hourly accounting of all your activities on a daily log, which you will submit to your officer on request.

(37) You will successfully complete ____ hours of community service at a rate of _____, at a work site approved by your officer. Additional instructions ordered: _____

ALBERT C SPANGLER / 20CF005171AX

☒    **(38) You will submit to electronic monitoring, follow the rules of electronic monitoring, and pay for the cost of the electronic monitoring service.**

**YOU ARE HEREBY PLACED ON NOTICE** that the court may at any time rescind or modify any of the conditions of your probation, or may extend the period of probation as authorized by law, or may discharge you from further supervision. If you violate any of the conditions of your probation, you may be arrested and the court may revoke your probation, adjudicate you guilty if adjudication of guilt was withheld, and impose any sentence that it might have imposed before placing you on probation or require you to serve the balance of the sentence.

**IT IS FURTHER ORDERED** that when you have been instructed as to the conditions of probation, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)

**IT IS FURTHER ORDERED** that you pay:
**Court Costs, Fees, and Fines, as imposed at sentencing, in the total amount of: $ _1,492.00_**

Payments processed through the Department of Corrections will be assessed a 4% surcharge pursuant to s. 945.31, F.S.
Pursuant to s. 948.09, F.S., you will be assessed an amount of $2.00 per month for each month of supervision for the Training Trust Fund Surcharge.

☐    Court Costs/Fines Waived
☐    Court Costs/Fines in the amount of _____ converted to _____ community service hours
☐    Court Costs/Fines in the amount of _____ reduced to civil judgment.

**SPECIFIC INSTRUCTIONS FOR PAYMENT:** <u>**FINES/COURT COSTS TO BE PAID TO THE MARION COUNTY CLERK'S OFFICE**</u>

**IT IS FURTHER ORDERED** that the clerk of this court file this order in the clerk's office and provide certified copies of same to the officer for use in compliance with the requirements of law.

DONE AND ORDERED, on _2/4/22_

**NUNC PRO TUNC 1/26/2022**

ANTHONY TATTI, Circuit Judge

I acknowledge receipt of a copy of this order and that the conditions have been explained to me and I agree to abide by them.

Date: _2-8-22_

Defendant

Instructed by: _Parker_
Supervising Officer

Revised 07-01-2021

CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

STATE OF FLORIDA
vs.
ALBERT C SPANGLER
DOB: 12/10/1951
RACE: White
GENDER: Male

Case Number: 20CF005171AX
Agency Case Number: S20025154

## COURT MINUTES

Judge: ANTHONY MICHAEL TATTI
State Attorney: STATE ATTORNEY
Defense Attorney: JUNIOR BARRETT

Event Date: 01/26/2022
Hearing Type: PD RG CNS PRO SE
PTC

Arrest Data:
Date: 12/17/2020
Booking #: S20025154
Agency Case #: S20025154
OBTS #: 4203184986

| 1 | 943.0435.9A | FAILURE TO COMPLY WITH SEX OFFENDER REPORTING REQUIREMENTS | Felony Third Degree | 12/17/2020 |
| 2 | 943.0435.14C 4 | PROVIDE FALSE SEXUAL OFFENDER REGISTRATION INFORMATION BY ACT OR OMISSION | Felony Third Degree | 12/17/2020 |

| PROSECUTOR PHASE: | COURT PHASE/PLEA/DISPOSITION: |
|---|---|
| | CNT: 1 Action: ADJ GUILTY CONVICTED on 01/26/2022 Plea: Nolo-Contendere Trial: None CNT: 2 Action: ADJ GUILTY CONVICTED on 01/26/2022 Plea: Nolo-Contendere Trial: None |

**SENTENCE/PROVISIONS/ADDITIONAL SENTENCE NOTES:**

CNT: 1 COMMUNITY CONTROL FOR 18 MOS
CNT: 2 COMMUNITY CONTROL FOR 18 MOS
CREDIT FOR TIME SERVED 3 DAYS*NCOP

*Copies to SAO/Probation/MCJ _____
*NCOP – Not a Condition of Probation

## MONETARY OBLIGATIONS:

| Date | Amount | Description | Balance |
|------|--------|-------------|---------|
| 01/26/2022 | 100.00 | FELONY FINE | 100.00 |
| 01/26/2022 | 325.00 | FELONY COURT COSTS | 325.00 |
| 01/26/2022 | 151.00 | CHILD ADVOCACY TRUST FUND | 151.00 |
| 01/26/2022 | 150.00 | COSTS OF PROSECUTION | 150.00 |
| 01/26/2022 | 151.00 | RAPE CRISIS PROGRAM COST | 151.00 |
| 01/26/2022 | 5.00 | 5% SURCHARGE FELONY | 5.00 |
| 01/26/2022 | 93.00 | CIRCUIT CRIMINAL PER COUNT COSTS | 93.00 |
| 01/26/2022 | 151.00 | CHILD ADVOCACY TRUST FUND | 151.00 |
| 01/26/2022 | 151.00 | RAPE CRISIS PROGRAM COST | 151.00 |
| 01/26/2022 | 93.00 | CIRCUIT CRIMINAL PER COUNT COSTS | 93.00 |
| 01/26/2022 | 100.00 | PUBLIC DEFENDER LIEN | 100.00 |
| 01/26/2022 | 9.00 | RECORDING FEE-JUDGMENT | 9.00 |
| 01/26/2022 | 13.00 | RECORDING FEE-CHARGE COST FEE PAGE CF | 13.00 |
| 12/18/2020 | 50.00 | AFFIDAVIT OF INDIGENT STATUS **PREVIOUSLY ORDERED** | 0.00 |

## DOCKETS:

SNT: SEX OFFENDER COMM CONTROL

CONCURRENT AS TO EACH COUNT

DEFENDANT IS TO REPORT TO PROBATION AND THE COLLECTIONS
    DEPARTMENT

FINE/COSTS TO BE PAID TO THE MARION COUNTY CLERK'S OFFICE

DEFENDANT IS TO BE PLACED ON AN ELECTRONIC MONITOR

## FTA/BOND:

SURETY BOND AS51375680 issued by
A-1 BAIL BONDS is RELEASED for
$5000.00.
SURETY BOND AS51375712 issued by
A-1 BAIL BONDS is RELEASED for
$1000.00.